UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
PHYLLIS DAVIS,

                                **MEMORANDUM AND ORDER**

               Plaintiff,            15-CV-04027 (KAM)(LB)

    -against-


FED EX GROUND PACKAGE SYSTEM,

               Defendant.
----------------------------------------X

**KIYO A. MATSUMOTO, United States District Judge:**

       *Pro se* plaintiff Phyllis Davis ("plaintiff") commenced this action against defendant FedEx Ground Package System ("defendant" or "FedEx") alleging discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII"), discrimination in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12112-12117, and discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621-634. Presently before the court is defendant's Motion to Dismiss the Complaint ("Motion") pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 29.) For the reasons stated herein the Motion is granted.

## Background

       Plaintiff Phyllis Davis, is a 59-year-old woman who

worked part-time for FedEx from April 25, 2000 to June 2, 2014, as an "Administrative Associate." (Complaint ("Compl."), ECF No. 1, at 5, 9, 16, 17, 33.)[1] On May 29, 2014, defendant told plaintiff not to return to work after plaintiff brought a butcher knife to work. (Compl., ECF No. 1 at 33.) A New York Separation Notice dated June 2, 2014, states that plaintiff's employment with FedEx Ground ended on June 2, 2014, and that her coverage under and participation in all employee benefit plans and programs ended on June 3, 2014. (Affirmation in Opposition to Motion to Dismiss ("Pl. Opp."), New York Separation Notice ("Separation Notice"), ECF No. 29-1 at 15-16.)

After her termination from FedEx, plaintiff applied for unemployment insurance benefits. (Decision and Notice of Decision, State of New York, Unemployment Insurance Appeal Board ("Unemployment Benefits Decision") attached to the Complaint, ECF No. 1 at 31-38.) Plaintiff testified at a hearing before an Administrative Law Judge ("ALJ") in an appeal to reinstate her unemployment insurance benefits. (*Id.* at 31.) On October 1, 2014, the ALJ found that the credible evidence established that FedEx terminated plaintiff's employment because she violated FedEx's policy by bringing a weapon, a butcher knife, into work on May 29, 2014. (*Id.* at 35.) The ALJ found credible plaintiff's testimony

---

[1] Citations to Complaint refer to the page numbers assigned by the Official Court Electronic Filing System, ECF.

that she had made a mistake when she initially applied for unemployment insurance benefits when she reported that she lost her job due to lack of work.  (*Id.* at 35.)  The ALJ found that plaintiff later informed the Department of Labor of the true circumstances of her separation, specifically that her employment was terminated because she brought a knife to work.  (*Id.*)  Accordingly, the ALJ found that plaintiff was entitled to unemployment benefits.  (*Id.* at 37.)

On April 2, 2015, plaintiff filed charges with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging age discrimination.  (Compl., ECF No. 1 at 22.)  On April 10, 2015, the EEOC issued plaintiff a "Dismissal and Notice of Rights" stating that all of the harm plaintiff alleged occurred more than 300 days before the April 2, 2015 filing date and, therefore, the Commission was unable to investigate the charges.  (*Id.*)  The EEOC also informed plaintiff that if she wished to pursue the charge on her own, she could file a lawsuit in federal court within ninety days of receipt of that letter.  (*Id.*)

On July 8, 2015, plaintiff filed the Complaint in this action.  (Compl., ECF No. 1.)  On March 26, 2016, defendant filed the fully briefed motion to dismiss.  (ECF Nos. 29, 29-1 and 29-2.)  Defendant argues that the Complaint must be dismissed because plaintiff failed to properly exhaust her administrative remedies by filing charges with the EEOC within 300 days of the last alleged

3

unlawful practice. (Memorandum of Law in Support of Motion to Dismiss ("Def. Br."), ECF No. 29 at 3-4.))

For the reasons set forth below, the court finds that, although plaintiff filed charges with the EEOC in a timely manner, the Complaint fails to state a claim for which relief may be granted. Therefore, defendant's motion to dismiss is granted and the Complaint is dismissed.

## Discussion

### I. Standard of Review

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007). The court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985). To survive dismissal, the plaintiff must plead "factual allegations sufficient to raise a right to relief above the speculative level." *ATSI Commc'ns Inc. v. The Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (internal quotation omitted). The plaintiff must allege enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662,

678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955). "When a plaintiff is *pro se*, the Court must 'construe [the] complaint liberally and interpret it to raise the strongest arguments that [it] suggest[s].'" *Best v. City of N. Y.*, No. 12 CIV. 7874 (RJS) (SN), 2014 WL 163899, at *6 (S.D.N.Y. Jan. 15, 2014) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)); *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Even with a *pro se* plaintiff, however, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955). Therefore, although the court is "obligated to draw the most favorable inferences" that the complaint supports, it "cannot invent factual allegations that [the plaintiff] has not pled." *Chavis*, 618 F.3d at 170.

"In reviewing a complaint, a court is not limited to the four corners of the complaint;" rather, "a court may also consider 'documents attached to the complaint as an exhibit or incorporated in it by reference, . . . matters of which judicial notice may be taken, or . . . documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Villanueva v. City of N.Y.*, No. 08 CIV. 8793 (LBS), 2010 WL 1654162, at *5 (S.D.N.Y. Apr. 14, 2010) (citing *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993); *see Taylor v. Vt.*

5

*Dep't of Educ.*, 313 F.3d 768, 776 (2d Cir. 2002).  The court may review such documents even when the complaint does not explicitly refer to them.  *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991).  As such, the court considers the Decision from the Unemployment Insurance Appeal Board and the Separation Notice, which plaintiff attached to the Complaint and her opposition, respectively.  *See Villanueva*, 2010 WL 1654162, at *5 (considering documents outside the pleadings that plaintiffs relied on in bringing suit).

## II.   Analysis

Defendant moves to dismiss the Complaint on the grounds that plaintiff failed to properly exhaust her administrative remedies when she failed to file charges with the EEOC within 300 days of her termination, the last alleged unlawful conduct.  (Def. Br., ECF No. 29 at 4.)   Plaintiff argues that FedEx has not established when she received the Separation Notice, and that the statute of limitations does not begin to run until she receives notice of termination.  (Pl. Opp., ECF No. 29-1 at ¶ 4.)  Plaintiff argues, in the alternative, that even if her EEOC filing was untimely, her circumstances warrant equitable tolling of the 300-day statute of limitations.  (*Id.* at ¶ 5.)  The court finds that plaintiff's EEOC filing was timely, but the Complaint fails to state a claim for which relief may be granted. Accordingly, the defendant's motion to dismiss is granted.

## A. Plaintiff's Filing With the EEOC Was Timely

"A Title VII employment discrimination claim must be filed with the Equal Employment Opportunity Commission ("EEOC") or New York State Division of Human Rights ("SDHR") within 300 days of the alleged unlawful practice." *Cetina v. Longworth*, 583 F. App'x 1, 2 (2d Cir. 2014) (citing 42 U.S.C. § 2000e); *Ford v. Bernard Fineson Dev. Ctr.*, 81 F.3d 304, 307 (2d Cir. 1996) (same). "[T]he time for filing a claim with the EEOC starts running on the date when the employee receives a definite notice of the termination, not upon [her] discharge." *Riddle v. Citigroup*, 449 F. App'x 66, 69 (2d Cir. 2011) (citing *Flaherty v. Metromail Corp.*, 235 F.3d 133, 137 (2d Cir. 2000)). "There is a [] presumption that a mailed document is received three days after its mailing." *Tiberio v. Allergy Asthma Immunology of Rochester*, 664 F.3d 35, 37 (2d Cir. 2011) (citing *Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 525–26 (2d Cir. 1996); *see also* Fed. R. Civ. P. 6(d).[2] The presumption may be rebutted, "however, 'if a claimant presents sworn testimony or other admissible evidence from which it could reasonably be inferred either that the notice was mailed later

---

[2] The cases cite Fed. R. Civ. P. 6(e) but Fed. R. Civ. P. 6 was amended during the 2007 restyling of the Rules, and subsection (e) became subsection (d). The presumption that a document served by mail is received three days after its mailing, was unchanged, however. *Compare* Fed. R. Civ. P. 6(e) *with* current Fed. R. Civ. P. 6(d); *see also* Fed. R. Civ. P. 6, Committee Notes on Rules–2007 Amendment (discussing the "general restyling of the Civil Rules").

than its typewritten date or that it took longer than three days to reach her by mail.'" *Tiberio*, 664 F.3d at 37 (quoting *Sherlock*, 84 F.3d at 526).

Here, the defendant's Separation Notice, which plaintiff attached to her opposition, is dated June 2, 2014, and states that plaintiff's employment at FedEx was terminated, effective June 2, 2014. The notice indicates that the "employee" was "unavailable to sign notice." (Separation Notice, ECF No. 29-1 at 15-16.) Plaintiff argues in her opposition that she does not remember the exact date on which she received the termination notice, but she believes that she received the notice after June 2, 2014. (Pl. Opp., ECF No. 29-1 at ¶¶ 30, 51.) In the Complaint, plaintiff states that she worked at FedEx Ground from "April 25, 2000 until May 29, 2014." (Compl., ECF No. 1 at 5.) A plain reading of the Complaint indicates that plaintiff believed that her employment with FedEx ended on May 29, 2014, when she was sent home after she was found with a knife at work. (*Id.*) The court draws all reasonable inferences in plaintiff's favor, and relies on the date listed on the Separation Notice and in the Unemployment Benefits Decision, attached to the Complaint and to plaintiff's opposition and finds that plaintiff was terminated on June 2, 2014. (Separation Notice, ECF No 29-1 at 15; Compl., ECF No. 1 at 35.)

Plaintiff argues that she received the Separation Notice a few days after June 2, 2014, via delivery by FedEx. (Pl. Opp.,

ECF No. 29-1 at ¶ 52). Arguments in opposition to a motion to dismiss however, are insufficient to cure a deficient pleading. *See Goodman v. Port Auth. of N.Y. and N.J.*, 850 F. Supp. 2d 363, 380 (S.D.N.Y. 2012) ("Memoranda and supporting affidavits in opposition to a motion to dismiss cannot be used to cure a defective complaint."). Nonetheless, for the sake of judicial economy and because plaintiff is *pro se*, the court considers plaintiff's argument. Federal Rules of Civil Procedure 6(d) states that when "a party may or must act within a specified time after being served" by mail, "3 days are added after the period would otherwise expire." (*Id.*) The court recognizes that the Federal Rules of Civil Procedure apply to civil actions in federal district court and do not explicitly apply to EEOC administrative proceeding. Yet, the court finds useful and appropriate the application of Federal Rules of Civil Procedure 6 regarding "computing and extending time" to the issues concerning the timeliness of the charges plaintiff filed with the EEOC. The Separation Notice is dated June 2, 2014. Therefore, since plaintiff was terminated on June 2, 2014, the 300-day statute of limitations expired on Sunday, March 29, 2014. Thus, per Fed. R. Civ. P. (6)(a)(1)(C), because the last day of the statutory period was a Sunday, the 300-day period ended on Monday, March 30, 2015, "the next day that [was] not a Saturday, Sunday, or legal holiday." *Id.* Adding three days to the end of the proper statutory period,

March 30, 2015, pursuant to Fed R. Civ. P. (6)(d), the last day

for plaintiff to file charges with the EEOC was April 2, 2015.

Because it is undisputed that plaintiff filed her charges with the

EEOC on April 2, 2015, her claim is timely.[3]  (Compl., ECF No. 1

at 22.)

### B. Plaintiff Has Not Stated a Plausible Claim Under the ADEA

Although, plaintiff's filing with the EEOC was timely,

the court finds that the Complaint does not state a plausible ADEA

claim.  "The ADEA prohibits employers from refusing to hire,

discharging, or otherwise discriminating against an employee with

regard to compensation, terms, conditions, or privileges of

employment because of age." *Hrisinko v. N.Y.C. Dep't of Educ.*,

369 F. App'x 232, 234 (2d Cir. 2010) (citing 29 U.S.C. §

623(a)(1)). "The ADEA prohibits discrimination in employment on

the basis of age against persons aged 40 or older." *D'Cunha v.*

*Genovese/Eckerd Corp.*, 479 F.3d 193, 194 (2d Cir. 2007) (citing 29

U.S.C. §§ 623(a)(1), 631(a)).  To state an employment

discrimination claim under the ADEA, the plaintiff must allege

facts supporting an inference that there was an adverse employment

action taken against her by her employer, and that her age was the

"but-for" cause of the adverse action. *See Vega v. Hempstead Union*

*Free Sch. Dist.*, 801 F.3d 72, 87 (2d Cir. 2015).  "A plaintiff

---

[3] Because the court finds that plaintiff's filing of charges with the EEOC was timely, the court does not address the parties' equitable tolling arguments.

must plead facts that give 'plausible support to a minimal inference' of the requisite discriminatory causality." *Marcus v. Leviton Mfg. Co., Inc.*, 661 F. App'x 29, 32 (2d Cir. 2016) (citing *Littlejohn v. City of N. Y.*, 795 F.3d 297, 310–11 (2d Cir. 2015)). "A plaintiff must supply sufficient factual material, and not just legal conclusions, to push the misconduct alleged in the pleading beyond the realm of the 'conceivable' to the 'plausible.'" *Marcus*, 661 F. App'x at 32 (citing *Vega*, 801 F.3d at 84).

Plaintiff alleges that she was 59 years old in 2015. (Compl., ECF No. 1 at 17.) Therefore, plaintiff has plausibly stated that she was in a protected age group under the ADEA at the time of the alleged discrimination. *See* 29 U.S.C. § 631(a).

Plaintiff alleges, among other things, that she was terminated, denied promotion and experienced unequal terms and conditions of her employment. (Compl., ECF No. 1 at 4, 15.) Plaintiff's allegations regarding her employer's failure to promote her and the unequal terms and conditions of her employment date from 2013 or earlier. (*Id.* at 10, 12-13, 15.) Therefore, these claims are time barred, as they fall outside the 300-day statutory period. Thus, plaintiff has not sufficiently alleged an adverse employment action based on failure to promote and unequal terms and conditions of employment.

Plaintiff also alleges that because of her age, she was terminated, which is an adverse employment action. *See Jones v.*

*Target Corp.*, No. 15-CV-4672 (MKB), 2016 WL 50779, at *4 (E.D.N.Y. Jan. 4, 2016) ("[i]t shall be unlawful for an employer (1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, . . . because of such individual's age") (citing 29 U.S.C. § 623(a)). Plaintiff has not alleged facts giving rise to a plausible inference that her age is the "but for" cause of her termination. Plaintiff alleges that she was not promoted, but younger women, with long hair and nails and who wore high heels, were promoted, even though she had been employed by FedEx for a much longer period. (*See* Compl., ECF No. 1 at 9-10.) Plaintiff does not provide specifics as to ages and identities of the women who were promoted. (*See generally,* Compl., ECF No. 1). Further, most of plaintiff's allegations involve events in 2000, 2005, and 2008, well outside the 300-day statutory period. (*Id.* at 10, 12-13, 15.) Therefore, these allegations fail to state a claim because they are time barred.

Moreover, plaintiff alleges that she was written up on three occasions for workplace violence. (*Id.* at 11.) Plaintiff also alleges that a colleague with whom she had worked with for fourteen years, Amy Mendez, reported to a manager that plaintiff had threatened her; plaintiff alleges that she was called into the supervisor's office because of the way she spoke to Ms. Mendez. (*Id.* at 17.) Finally, plaintiff attaches to her Complaint an

Unemployment Insurance Appeal Board decision dated October 1, 2014, noting, *inter alia*, that during the week prior to May 29, 2014, a co-worker had commented on a three-inch butcher knife that claimant kept in her drawer at work to use for food preparation at work. The ALJ also noted that plaintiff "was aware that the employer's policy prohibited workplace violence and bringing weapons to work, and that her employment could be terminated for violation of said policy." (*Id*. at 33.) Plaintiff concedes in her Affirmation in Opposition to Motion to Dismiss that she was terminated because she brought a knife to work, in violation of FedEx policy, but adds that the ALJ found her testimony credible that she mistakenly forgot to take the knife out of her bag. (Pl. Opp., ECF No. 29-1 at ¶ 42). Accepting plaintiff's allegations as true, plaintiff has not sufficiently alleged that her age is the but-for cause of her termination from FedEx. Instead, plaintiff's allegations state plausible facts to establish an inference that the employer had a non-discriminatory, non-pretextual reason to terminate plaintiff's employment——that is, her violation of FedEx's workplace policy prohibiting weapons at work, when she brought a knife to work on May 29, 2014. Accordingly, plaintiff has not stated a plausible ADEA discrimination claim, that but for her age, she would not have been terminated from her job. *See Turner v. Concourse Vill., Inc*., No. 12 CIV. 8739 (RWS), 2016 WL 345575, at *3 (S.D.N.Y. Jan. 27, 2016) (The court dismissed

13

plaintiff's ADEA claim because "the far more reasonable inference is that, notwithstanding a biased comment, Plaintiff was terminated due to the fact that the injury made him unable to perform his job, and Plaintiff failed to provide any indication about his ability to return over the course of seven months."); *Jones*, 2016 WL 50779, at *4 (E.D.N.Y. Jan. 4, 2016) (dismissing plaintiff's ADEA claim because the vague allegations did not sufficiently allege that her age was the but-for cause of her termination); *Bohnet v. Valley Stream Union Free Sch. Dist.* 13, 30 F. Supp. 3d 174, 180 (E.D.N.Y. 2014) (holding that plaintiff failed to allege sufficient facts to support conclusion that, but for her age, she would have been hired for a tenure track position, and noting that complaint failed to allege any details about the identity or ages of those hired instead of plaintiff).

### C. Plaintiff Has Not Stated a Plausible Claim Under the ADA or Title VII

Even though the court finds that the charges plaintiff filed with the EEOC were timely, the court finds that plaintiff has not alleged plausible Title VII or ADA claims. The charges plaintiff filed with the EEOC were based solely on age discrimination. (Compl., ECF No. 1 at 22.) Plaintiff, however, in the Complaint checked boxes for discrimination under Title VII and under the ADA. (*Id*. at 1.) Although the court liberally construes the Complaint to include the Title VII and the ADA

claims, these claims fail not only because plaintiff failed to allege sufficient facts supporting these claims, but also because plaintiff failed to exhaust these claims with the EEOC.

Under both Title VII and the ADA, a claimant may bring suit in federal court only if she has filed a timely complaint with the EEOC and obtained a right-to-sue letter.  *See* 42 U.S.C. §§ 2000e-5(e) and (f); 29 U.S.C. § 626(d); 42 U.S.C. § 12117(a) (adopting exhaustion requirement of Title VII codified at 42 U.S.C. § 2000e-5 for the ADA); *Legnani v. Alitalia Linee Aeree Italiane, S.P.A*, 274 F.3d 683, 686 (2d Cir. 2001); *Vlad-Berindan v. LifeWorx, Inc.*, No. 13 CV 1562 LB, 2014 WL 1682059, at *9 (E.D.N.Y. Apr. 28, 2014), *aff'd sub nom. Vlad-Berindan v. Life Worx Inc.*, 599 F. App'x 415 (2d Cir. 2015).  Exhaustion of administrative remedies through the EEOC is "an essential element" of the Title VII and ADA statutory schemes and, as such, a precondition to bringing such claims in federal court.  *Francis v. City of N. Y.*, 235 F.3d 763, 768 (2d Cir. 2000); *see also Vlad-Berindan*, 2014 WL 1682059, at *9 (citing *Butts v. N.Y. Dep't of Hous. Pres. & Dev.*, 990 F.2d 1397, 1401 (2d Cir. 1993), *superseded by statute on other grounds by Hawkins v. 1115 Legal Serv. Care*, 163 F.3d 684 (2d Cir. 1998)). "[T]he Second Circuit has noted [that] the purpose of the notice provision 'would be defeated if a complainant could litigate a claim not previously presented to and investigated by the EEOC.'"

*Vlad-Berindan*, 2014 WL 1682059, at *9 (quoting *Butts*, 990 F.2d at 1401).

Here, consistent with the charges plaintiff filed with the EEOC, the EEOC construed plaintiff's charges as arising under the ADEA, not Title VII or the ADA. (Compl., ECF No. 1 at 22.) The Complaint makes no allegations sounding of discrimination based on plaintiff's race, color, gender, religion, national origin. Plaintiff makes two references to having a disability, but makes no other allegations of being treated differently because she has a disability. (*See id*. at 10, 18.) Nor does plaintiff allege specific facts about the nature of her condition to support an inference that plaintiff has a disability as defined under the ADA. Further, plaintiff did not check "failure to accommodate [her] disability" as discriminatory conduct by FedEx about which she was complaining. (*See id*. at 4, ¶ 4.) Accordingly, plaintiff's Title VII claim and her ADA claim are dismissed for failure to exhaust her administrative remedies, and because the Complaint does not allege sufficient facts to state a plausible claim under either statute. *See, e.g.*, *Cruz v. N.Y. City Dep't of Educ.*, 376 F. App'x 82, 85 (2d Cir. 2010) (holding that plaintiff's disability claims were properly dismissed as unexhausted because plaintiff failed to raise them before the EEOC) (citing *McInerney v. Rensselaer Polytechnic Inst.*, 505 F.3d 135, 138 (2d Cir. 2007)); *Vlad-Berindan*, 2014 WL 1682059, at *9 (dismissing ADA and ADEA

16

claims where the complaint alleged no facts supporting either claim and because plaintiff failed to exhaust administrative remedies by not alleging discrimination under the ADA and ADEA during the administrative proceedings).

## Conclusion

For the foregoing reasons, defendant's motion to dismiss the Complaint is **GRANTED.** The Complaint is dismissed with prejudice because the court finds that leave to amend would be futile. *Ruotolo v. City of N. Y.*, 514 F.3d 184, 191 (2d Cir. 2008); *Mercado v. Quantum Servicing Corp.*, No. 15-CV-1500, 2015 WL 1969028, at *5 (E.D.N.Y. Apr.29, 2015). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purposes of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L.Ed.2d 21 (1962). The Clerk of Court is respectfully directed to enter judgment in favor of defendant and close this case. The Clerk of Court is also respectfully directed to serve a copy of the judgment, an appeals packet, and this Memorandum and Order on plaintiff, and note service on the docket.

**SO ORDERED.**
Dated:      March 31, 2017
            Brooklyn, New York


_____/s/_____
Hon. Kiyo A. Matsumoto
United States District Judge